# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01259 JLK-BNB

DINERS CLUB INTERNATIONAL LTD.,
a New York corporation
                          Plaintiff,

    v.

RECYCLE DOMAINS,
a Colorado sole proprietorship;

GLOBALTEK AMERICA, INC.,
a Colorado corporation; and

DAVID MANGIN,
an individual.

                          Defendants.

---

## ORDER AND CONSENT JUDGMENT

---

    This action was commenced on May 29, 2009, by Plaintiff, Diners Club International, Ltd.

("Diners Club"), against Defendants Recycle Domains ("Recycle"), Globaltek America, Inc.

("Globaltek"), David Mangin, an individual ("Mangin") and John Doe ("Doe").  Diners Club

dismissed this action as to Doe on July 10, 2009.  On August 26, 2009, the Court entered default as

to Globaltek. (Dkt. No. 14.).  Plaintiff's Motion for Entry of Default Judgment was filed on

September 11, 2009 (Dkt. No. 19) seeking an award of statutory damages, fees and costs (Dkt. No.

20), which is pending before the Court.

    This action remains pending as to Recycle and Mangin.  Diners Club, Mangin and Recycle,

and the defaulted Globaltek (collectively, "Defendants"), have agreed to settle this matter and to

terminate this action by entry of an Order and Consent Judgment[1] which incorporates the parties' settlement of their dispute, and in particular, the terms, admissions and covenants as follows:

## THE PARTIES' TERMS OF SETTLEMENT

1.      This is an action under the Anticybersquatting Consumer Protection Act, ("ACPA"), 15 U.S.C. § 1125(d)(1) for Defendants' bad-faith use and registration of the domain names <dinersclubcoupon.com>, <dinersclubcoupons.com>, <dinersclubcoupons.org>, <dinersclubcoupons.net>, <dinerclubcoupon.com>, <dinerclubcoupons.com>, <dinerclubcoupons.org>, and <dinerclubcoupons.net> (collectively the "Infringing Domain Names").

2.      The Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).  This Court has personal jurisdiction over Defendants.  Venue is proper in this judicial district.

3.      Plaintiff Diners Club International Ltd. is a New York corporation having its principal place of business at 2500 Lake Cook Road, Riverwoods, Illinois 60015.

4.      Diners Club owns the famous DINERS CLUB trademark, U.S. Reg. No. 0828013, which was registered on April 25, 1967 and is incontestable (the "DINERS CLUB mark").

5.      The DINERS CLUB mark represent a premium global brand.  Diners Club issued the world's first credit card; its credit cards are issued today in more than 200 countries and 70 local currencies.  After more than 21 years of continuous use, the DINERS CLUB mark, due to the extensive advertising, promotion, and provision of products and services using the DINERS CLUB mark in the United States and around the world, has become distinctive and famous.

---

[1] Plaintiff has agreed to withdraw without prejudice its pending Motion for Entry of Default Judgment upon entry of the Order and Consent Judgment.

6.     Defendant Recycle is a sole proprietorship with an address at 1127 W. 18th Street, Pueblo, CO 81003.

7.     Defendant Globaltek is a Colorado corporation with a principle place of business of 1127 W. 18th Street, Pueblo, CO 81003.

8.     Defendant Mangin resides at 1127 W. 18th Street, Pueblo, CO 81003, which is the same residential address as Defendants Recycle and Globaltek, and is the president, treasurer, and registered agent of Defendant Globaltek.

9.     Defendant Mangin admits that he transferred each of the Infringing Domain Names on or about June 18, 2009 into an account with registrar Enom, Inc. and delivered to counsel for Diners Club the username and password for that account on June 19, 2009 in conjunction with Defendants' Answer to the Amended Complaint.

10.     Defendants each represent that none of them presently has in its possession or control any other domain names that incorporates in whole or in part Plaintiff's DINERS CLUB trademark, including confusingly similar variants thereof ("Infringing Domain Names").  Defendants each covenant not to register or control in the future any such domain name.

11.     The parties have agreed to the entry of this Order and Consent Judgment which incorporates the terms, admissions, and covenants of settlement resolving the dispute between the parties.

12.     Defendants each acknowledge, by their agreement to entry of this Order and Consent Judgment, this Court's jurisdiction over the Parties and the subject matter of the present litigation, as well as this Court's continuing jurisdiction over the enforcement of this Order and Consent Judgment.

13.     Each party has read this Order and Consent Judgment and agrees to be fully bound

by its terms.

**THEREFORE, IT IS ORDERED AND ADJUDGED:**

A.    Defendants and their respective agents, representatives, servants, employees, attorneys, officers, directors, shareholders, licensees, affiliates, joint venturers, parents, subsidiaries, related corporations and all others in privity or acting in concert with them are hereby immediately and permanently enjoined from:

(i)    Registering, acting as a reseller for, brokering, using, linking to, transferring, selling, exercising control over, or otherwise owning the Infringing Domain Names or any other domain name, trademark or service mark that incorporates, in whole or in part, Plaintiff's DINERS CLUB mark. In the event that any Defendant now or in the future controls or has possession of any Infringing Domain Name(s), the Court hereby orders each such registry of an Infringing Domain Name (e.g., VeriSign, Inc. for <.com> domain names) to transfer the Infringing Domain Name(s) to a registrar of Plaintiff's selection upon the request of Plaintiff to be placed in to Plaintiff's account at the newly designated registrar.

(ii)    Using false representations or descriptions in commerce or using false designations of origin that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services by Plaintiff;

(iii)    Otherwise infringing Plaintiff's DINERS CLUB mark; and

(iv)    Unfairly competing with Plaintiff or otherwise injuring its business reputation in any manner.

B.       Defendants are ordered to pay, and shall be jointly and severally liable for payment of the sum of $4,000.00 to Greenberg Traurig LLP within 5 calendar days of entry of this Order and Consent Judgment. Excluding this payment by Defendants of $4,000.00, each party will bear its own attorneys' fees and costs through the date of settlement.

C.       In the event that Defendants fail to make any payment on or before the specified date, and upon motion by Plaintiff, judgment shall be entered for the unpaid sum, including payment of any costs and attorneys' fees incurred in obtaining such judgment.

D.       In the event that Plaintiff becomes aware of any Infringing Domain Names that are registered through Defendants to a third party whose registration information is not hidden behind privacy services and whose WHOIS record data is not blurred by another technique, or where such third party Infringing Domain Names are resold, brokered, linked to, transferred by, or over which Defendants exercise control, Plaintiff will provide notice to Defendants, and they will be permitted a five day period of time in which to cure the violation prior to Plaintiff taking action under this Order for such violation.

E.       Any violation by Defendants of the injunctive relief set forth herein, including failure to make timely payments as set forth above, would cause irreparable harm and injury, and Plaintiff shall be entitled to seek enforcement of the specific provisions of this Order and Consent Judgment, including collecting on any subsequent judgment by means of garnishment of Mangin's wages or attachment of any of Defendants' properties.

F.       This Court shall and hereby does retain jurisdiction to enforce the terms of this Order and Consent Judgment.

G.       The parties have consented to the entry of this Order and Consent Judgment without further notice.

DATED this 7th  day of October, 2009.

BY THE COURT:

**_s/John L. Kane_**
United States District Judge


Gayle L. Strong
Wm. Alex Furman
Greenberg Traurig LLP
1200 Seventeenth Street, Suite 2400
Denver, Colorado  80202
Telephone:  (303) 572-6500
Facsimile:  (303) 572-6540

Paul D. McGrady, Jr.
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 2500
Chicago, IL 60601
312 456 8426 tel
312 899 0407 fax

*Attorneys for Plaintiff*
*Diners Club International Ltd.*

J. Lucas McFarland
Evans & McFarland, LLC
910 13th St., Suite 200
Golden, Colorado 80401
Telephone: 303 313 1123
Facsimile: 303 277 1620

*Attorneys for Defendants*
*Recycle Domains, Globaltek America, Inc., and David Mangin*